UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ACCESS ELECTRONICS, LLC,

    Plaintiff,

v.                                                            Case No.:  2:25-cv-510-SPC-KRH

DCX-CHOL ENTERPRISES, INC.,

    Defendant.

_____

## OPINION AND ORDER

Before the Court is Defendant Access Electronics, LLC's Motion to Dismiss or Transfer Venue.  (Doc. 22).  Plaintiff DCX-CHOL Enterprises, Inc. responded.  (Doc. 30).  For the reasons below, the motion is granted in part.

### Background

This is a contractual dispute.  Plaintiff is a Florida limited liability company that manufactures, supplies, and distributes electronic components.  These components have various applications, including in the aerospace and defense industries.  Defendant is a corporation headquartered in California.  In February 2023, Defendant agreed to serve as the prime contractor for an equipment manufacturing project commissioned by the United States Air Force ("Project").  Defendant subcontracted Plaintiff to provide components for the Project.

In April 2023, Defendant issued a purchase order to Plaintiff. The purchase order provided for the sale of specialized electronic components in exchange for $717,180. (Doc. 8-1). The purchase order noted that it related to the Project. Several months later, Plaintiff emailed Defendant advising that:

> (a) the Purchase Order had not been officially accepted, (b) acknowledgment had not been sent, (c) Defendant needed to agree to Plaintiffs terms and conditions, (d) the originally requested July shipment date for the FAT had passed, (e) an amended purchase order with new dates was necessary, (f) all six (6) sets must be shipped no later than December 16, 2023, (g) failure to agree to the terms and conditions by October 6, 2023 would necessitate a new quotation with potentially increased prices, and (h) without agreement to the terms and conditions and an amended purchase order, the Purchase Order would remain "unaccepted/acknowledged" and Plaintiff would actively quote the parts to other customers.

(Doc. 8 ¶ 12).

On October 16, 2023, Defendant issued a modified purchase order which changed the delivery dates but maintained the same contract value of $717,180.00. (*Id.* ¶ 13; Doc. 8-2). Plaintiff agreed to the modification as long as all the components would be shipped to Defendant before the end of 2023.

Plaintiff shipped a partial order of components to Defendant on October 20, 2023, with an invoice for $119,530. (Doc. 8-3). Defendant paid this invoice in full and used the components for a First Article Test ("FAT").[1] In April 2024,

---

[1] A FAT is a procedure mandated by federal government contracting regulations. A FAT is designed to "ensure[] that the contractor can furnish a product that conforms to all contract requirements for acceptance." Federal Acquisition Regulation ("FAR"), Subpart 9.3, https://www.acquisition.gov/far/subpart-9.3 (last accessed May 1, 2026).

Defendant informed Plaintiff that the Air Force rejected the components used for the FAT unit. Subsequently, Plaintiff learned that the Air Force cancelled the Project.

Plaintiff never sent the remaining components to Defendant and did not receive further payments. Plaintiff calculates Defendant still owes it $607,212.40. The modified purchase order does not contain language regarding termination. However, Plaintiff points to language from its website, which it allegedly "incorporated" into the modified purchase order exchanged with Defendant. (Doc. 8 ¶ 25).

Plaintiff sues Defendant, arguing that the modified purchase order is a binding contract between the parties and that Plaintiff is entitled to the remaining balance under the language incorporated from its website. Plaintiff brings claims for breach of contract (Count I), account stated (Count II), and unjust enrichment (Count III). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim).

## Legal Standards

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). Personal

3

jurisdiction is a two-part inquiry wherein the court must determine "whether the exercise of jurisdiction is appropriate under [Florida]'s long-arm statute," as well as the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004) (citation omitted). The Due Process Clause permits personal jurisdiction over a nonresident defendant when it has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted). When considering a jurisdictional challenge under Rule 12(b)(2), courts accept the allegations in the complaint as true. *See Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021). A defendant can contest the basis for personal jurisdiction by affidavit and shift the burden back to the plaintiff to produce evidence to support jurisdiction. *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1222 (11th Cir. 2023). If the parties' evidence conflicts, "the district court must construe all reasonable inferences in favor of the plaintiff." *Id.* (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

"When a defendant objects to venue [under Rule 12(b)(3)], the plaintiff bears the burden of showing that the venue selected is proper." *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d 1192, 1200 (S.D. Fla. 2021) (citation omitted), *amended on reconsideration in part*, No. 21-CV-20862, 2022

4

WL 845468 (Mar. 22, 2022). "The venue analysis under § 1391(b)(2) generally requires a greater level of relevant activities by the Defendants than the minimum contacts analysis for personal jurisdiction." *TMJ Prac. Mgmt. Assocs., Inc. v. Curran*, No. 16-81903-CIV, 2017 WL 3130421, at *6 (S.D. Fla. July 24, 2017) (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003)). The court may consider facts outside the complaint to determine whether venue is proper. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

A district court should dismiss a claim under Rule 12(b)(6) when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 555.

## Analysis

### I. Personal Jurisdiction

The Court begins, as it must, with jurisdiction. Defendant argues that the amended complaint fails to establish there is personal jurisdiction over it in Florida. Plaintiff responds that Florida's long arm statute confers personal jurisdiction over Defendant. Under the statute, personal jurisdiction exists for

a non-resident Defendant that "[b]reaches a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a)(7). The Court agrees with Plaintiff that it may exercise personal jurisdiction over Defendant.

The Court finds that Defendant's contacts subject it to suit within Florida. First, Plaintiff's allegations satisfy the long arm statute's requirements. Failure to make payments owed under a contract "where payment is due to be made in Florida is sufficient to satisfy" § 48.193(1)(a)(7). *Glob. Satellite Commc'n Co. v. Sudline,* 849 So. 2d 466, 468 (Fla. Dist. Ct. App. 2003).

Due process considerations also support jurisdiction. Defendant knew Plaintiff is a Florida company and selected it as a subcontractor for the Project. Defendant paid Plaintiff for the FAT unit and sought to keep using its components for the Project. Because Defendant failed to pay Plaintiff under the alleged contract, it is subject to personal jurisdiction under the long-arm statute.[2] *See Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1250 (11th Cir. 2000) (noting defendant's failure to pay plaintiff in Florida an

---

[2] Defendant filed an affidavit from its President, Neal Castleman, in support of its Rule 12(b)(2) motion. Castleman states that Defendant "does not do business in Florida." (Doc. 22-1 ¶ 10) (emphasis omitted). Yet he does not deny Defendant's prime-subcontractor relationship with and payments to Plaintiff. (*Id.*). In fact, Castleman states that Defendant has purchased from other Florida suppliers and sold products to a distributor in Florida. (*Id.*). Castleman's affidavit, if anything, convinces the Court it does not offend due process to exercise personal jurisdiction over Defendant.

amount due under a contract conferred personal jurisdiction under Fla. Stat. §

48.193(1)(g)); *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d

912, 920 (11th Cir. 1989) (collecting authority for the same proposition).  The

Court denies the motion to dismiss under Rule 12(b)(2).

## II.   Venue

Now, the Court addresses Defendant's motion to dismiss for improper

venue pursuant to Rule 12(b)(3).  Under 28 U.S.C. § 1391, venue is proper in:

> (1) a judicial district in which any defendant resides, if
> all defendants are residents of the state in which the
> district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise
> to the claim occurred, or a substantial part of property
> that is the subject of the action is situated; or (3) if there
> is no district in which an action may otherwise be
> brought as provided in this section, any judicial district
> in which any defendant is subject to the court's personal
> jurisdiction with respect to such action. omissions
> giving rise to the claim occurred.

*TMJ*, 2017 WL 3130421, at *4.

Plaintiff alleges venue is proper in this Court "because a substantial part

of the events or omissions giving rise to the claims occurred in the Middle

District of Florida, and the contract at issue was to be performed in part within

this District." (Doc. 8 ¶ 4).  Defendant argues that "all of the operative claims

of wrongdoing took place in California" and therefore venue is improper.  (Doc.

22 at 6).

In the Court's view, this analysis is a somewhat close call, given that the Court has personal jurisdiction over Defendant.   But for the following reasons—chiefly that the bulk of Defendant's relevant activity took place in California—the Court agrees with Defendant.

Plaintiff fails to prove venue is proper in this jurisdiction.  Federal courts must "focus on relevant activities of **the defendant**, not of the plaintiff" in analyzing venue challenges. *Jenkins*, 321 F.3d at 1371–72 (emphasis added) (quotation omitted).  Plaintiff argues that Defendant, by reaching out to and failing to make payments to a Florida company, took actions which give rise to its breach of contact claim.  (Doc. 30 at 8).  This argument misses the mark. "The best that can be said" of Plaintiff's allegations is "that the activities of Defendant[] outside the state of Florida are alleged to have caused injuries to a Florida company in Florida." *TMJ*, 2017 WL 3130421, at *6.  That simply is not enough to establish venue. *See id.* at *5 (noting "a greater level of relevant activities by . . . Defendants" is required to establish venue as opposed to personal jurisdiction) (citing *Jenkins*, 321 F.3d at 1372); *see also Hemispherx Biopharma, Inc. v. MidSouth Cap., Inc.*, 669 F. Supp. 2d 1353, 1357 (S.D. Fla. 2009) (finding venue improper where the plaintiff relied on communications made from outside the jurisdiction venue was laid in).  All of Defendant's actions took place in California:  Defendant communicated with Plaintiff from California, negotiated the contract from California, received the FAT unit

components in California, performed its obligations in relation to the Project from California, and failed to make payments from California.  (Doc. 22-1 ¶¶ 11, 12); *The Turfgrass Grp., Inc. v. Carolina Fresh Farms, Inc.*, No. 3:09-CV-125 (CDL), 2010 WL 1418353, at *3 (M.D. Ga. Apr. 6, 2010) (finding the defendants' "alleged failure to make certain payments" occurred in South Carolina where they resided, not Georgia where venue was laid); *cf. Valley Forge Fabrics, Inc. v. Ram Corp.*, No. 05-61721-CIV, 2006 WL 8432609, at *7 (S.D. Fla. June 8, 2006) (finding partial non-payment of subcontractor occurred in Hawaii where the defendant resided, not Florida where venue was laid), *order approved*, 2006 WL 8432593 (July 12, 2006).

The procedure for remedying improper venue is governed by 28 U.S.C. § 1406.  The statute provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it.  *See Hemispherx*, 669 F. Supp. 2d at 1359.

The Court finds that the interests of justice are best served by transferring this case to the Central District of California, the district where Defendant resides.  Because the Court does not reach Defendant's Rule 12(b)(6) motion, it is denied as moot.

Accordingly, it is **ORDERED:**

1. Defendant Access Electronics, LLC's Motion to Dismiss or Transfer (Doc. 22) is **GRANTED in part**.

2. The Clerk is directed to **TRANSFER** this case to the Western Division of the United States District Court for the Central District of California.

3. The Clerk is directed to terminate any remaining deadlines, deny any pending motions as moot, and close this case.

   **DONE** and **ORDERED** in Fort Myers, Florida on May 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

10